**SIGNED THIS: October 22, 2019**

_Thomas L. Perkins_
_____

**Thomas L. Perkins**
**United States Chief Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

IN RE:                          )
                                )
EARL J. SWANSON, JR.,           )        Case No.   19-80651
                                )
            Debtor.             )

## OPINION

This Chapter 7 case is before the Court for determination of whether the Debtor, Earl J.

Swanson, Jr., may claim an exemption in a motor vehicle as property traceable to exempt

proceeds of a personal injury settlement used to pay off a lien on the vehicle. As the applicable

Illinois exemption statute for personal injury payments expressly extends the exemption to

traceable property, without a condition that the exempt proceeds must be used to acquire the

property, the exemption is allowable.

As disclosed in his schedules, the Debtor owns a 2011 Chevrolet 1-ton "Dually" pickup

truck with 600,000 miles on it, valued at $5,000. On Schedule C, the Debtor claims the full value

as exempt, utilizing the maximum exemption of $2,400 for any one motor vehicle under 735

ILCS 5/12-1001(c), and claiming the $2,600 balance exempt under 735 ILCS 5/12-1001(h)(4),

which provides an exemption for:

> (h) The debtor's right to receive, or property that is traceable to:
>
> …
>
> > (4) a payment, not to exceed $15,000 in value, on account of personal bodily
> > injury of the debtor or an individual of whom the debtor was a dependent.

The Chapter 7 Trustee, Jeana K. Reinbold, objected to the use of the personal injury

payment exemption as inapplicable. According to the Debtor's Statement of Financial Affairs, he

received a $15,000 personal injury settlement within a few months prior to filing his petition on

May 9, 2019. In response to the Trustee's objection, the Debtor asserts that he used $3,219.42

from the settlement to make four loan payments that paid off the balance of a loan held by State

Street Bank secured by a lien on the pickup truck, thereby qualifying it as property "traceable to"

the exempt settlement proceeds.

The Trustee does not dispute that the Debtor used the exempt funds as indicated to pay

off the lien. Rather, she points out that the pickup was purchased by the Debtor in 2014 so that

the injury settlement proceeds did not enable the Debtor to acquire ownership of the pickup,

which she contends is a necessary element of traceability. This is the central issue presented for

resolution.

The Trustee makes an alternative argument that the Debtor has not established that

paying off the secured loan balance "created any equity" in the vehicle. It is not necessary for the

Court to consider whether the creation of equity is a necessary precondition to traceability in

every case. Here, however, since State Street Bank's lien was the only encumbrance against the

pickup, the loan payments did, in fact, increase the Debtor's equity in the vehicle, dollar for

dollar, with each payment made. Therefore, the premise of the Trustee's alternative argument is incorrect as a matter of fact.[1]

As the objecting party, the Trustee bears the burden to prove that the exemption is not properly claimed. See Fed. R. Bankr. Pro. 4003(c). Personal property exemption statutes are construed liberally to protect debtors. *Matter of Barker,* 768 F.2d 191, 196 (7th Cir. 1985).

Construction of the phrase "property that is traceable to" as used in §12-1001(h), is a question of Illinois law. To the Court's awareness, no Illinois court has addressed whether traceability is conditioned on the debtor's use of the exempt funds to make the initial acquisition of the secondary property sought to be traced. In the absence of state court precedent, a federal court must determine the question as it predicts the Illinois Supreme Court would. *Adams v. Catrambone,* 359 F.3d 858, 862 (7th Cir. 2004). Courts should interpret Illinois statutes according to the plain and ordinary meaning of the language used by the legislature. *People v. Donoho,* 204 Ill.2d 159 (2003). If the statutory language is clear and unambiguous, there is no need to resort to other aids of construction. *Henry v. St. John's Hospital,* 138 Ill.2d 533, 541 (1990). "Where the language of a statute is clear and unambiguous, a court must give it effect as written, without 'reading into it exceptions, limitations or conditions that the legislature did not express.'" *Garza v. Navistar Int. Transportation Corp.,* 172 Ill.2d 373, 378 (1996), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.,* 158 Ill.2d 76, 83 (1994).

"Traceable" is not a defined term under Illinois exemption law, but the concept of tracing is captured by the colloquialism "follow the money." The most apposite dictionary definition of "trace" is "to ascertain the disposition of (as something passing from hand to hand)." Webster's Third New International Dictionary (1976). In the area of constructive trusts, traceability is

established where the secondary property is proven to be in "a direct chain" from the initial

funds. *Sadacca v. Monhart,* 128 Ill.App.3d 250, 257 (1984).

The Debtor relies upon *In re Jackson,* 95 B.R. 590 (Bankr. C.D. Ill. 1989) (Fines, J.),

where the Debtor used $30,000 in exempt life insurance proceeds as a down payment on the

purchase of her residence. At the time of her bankruptcy filing, the debtor's equity in the house

was $16,000, of which she claimed $7,500 exempt under the homestead exemption. The issue

presented to the court was whether the remaining $8,500 in equity was exempt under §12-

1001(h)(3) as "property that is traceable to" the life insurance proceeds. The court granted the

exemption with little discussion about traceability.

The Trustee argues that *Jackson* is factually distinguishable since the debtor used the

exempt life insurance proceeds to acquire ownership of the house, whereas the Debtor here

already owned the pickup when he received the personal injury settlement, merely using some of

the proceeds to pay off the lien on the vehicle. The Debtor replies that the exemption should be

allowed as the Debtor's equity interest in the vehicle is directly traceable to the settlement

proceeds. While not disputing that Judge Fines correctly applied the tracing requirement where

exempt funds were used to purchase the secondary asset, the Trustee correctly points out that the

*Jackson* decision does not speak to the issue presented here.

The parties also dispute the applicability of *In re Irwin,* 371 B.R. 344 (Bankr. C.D. Ill.

2007) (Gorman, J.), where the court considered whether workers' compensation proceeds, made

exempt by the Illinois Workers' Compensation Act, retained their exempt status when used to

pay off a lien on an automobile, where the exemption statute did not expressly extend the

exemption to property traceable to the workers' compensation proceeds. *See* 820 ILCS §305/21.

Noting the absence of any Illinois court decision allowing a debtor to use the exemption under

4

§305/21 to exempt an asset purchased with workers' compensation proceeds, the court held that

the exemption in the proceeds did not carry forward to the vehicle when the proceeds were used

to pay off the vehicle lien, since the statute did not provide that the exemption extended to

property traceable to the proceeds. 371 B.R. at 347. The court did not base its holding on the fact

that the exempt proceeds were used to pay off a lien on the secondary property.

Proceeding to engage in an alternative analysis that assumed the applicability of an

implied right of tracing, the *Irwin* court reasoned that once the exempt proceeds were used to pay

off the lien, they ceased to have the "quality of moneys" necessary to preserve an exempt status

under the limited tracing recognized as a matter of Illinois common law. *Id.* The Trustee argues

that under the "quality of moneys" test, tracing is not allowed when exempt funds have been

invested in a motor vehicle. As other courts have recognized, the "quality of moneys" test, as set

forth in *Auto Owners Ins. v. Berkshire,* 225 Ill.App.3d 695 (1992), is intended to ascertain at

what point exempt moneys that are not being spent for current support lose their exempt status

because they have been transformed into an investment. *See In re Lantz,* 451 B.R. 843, 846-47

(Bankr. N.D. Ill. 2011). The "quality of moneys" test is not applicable where, as here, exempt

funds have been used to purchase or pay off a lien on a tangible asset such as a motor vehicle.

Like *Jackson, Irwin* simply does not address whether traceability under a statute that extends an

exemption in proceeds to property traceable to those proceeds, is allowed in the context of a lien

payoff.

There is no dispute that the Debtor used $3,219.42 from the personal injury settlement to

pay off the State Street Bank lien on the pickup, which was the only encumbrance. The Debtor

argues that those payments gave the Debtor a free and clear ownership interest in the vehicle,

giving him a greater equity interest. The Court agrees. While the loan payments did not enable

the Debtor to acquire ownership and did not increase the gross value of the vehicle itself, the

Debtor's equity interest increased by an amount equivalent to the sum of the loan payments.

The Trustee contends that the use of exempt funds to pay off a lien on an asset that a

debtor already owns, even if it increases the debtor's equity interest, does not make the asset

"property that is traceable to" the exempt proceeds under §5/12-1001(h). The Court disagrees.

The exemption statute draws no distinction between use of the funds to acquire the asset versus

paying a debt secured by a lien on property already owned by the debtor. No decision by an

Illinois court supports the distinction relied upon by the Trustee. To the contrary, tracing simply

requires a debtor to establish a direct linkage between the exempt funds and the secondary asset.

That burden is satisfied where the debtor's equity interest in the asset is increased by using the

funds to pay off a lien.

This interpretation is consistent with the rules of construction that favor liberal

interpretation of exemption laws and disfavor reading into a statute implied exceptions,

limitations or conditions.[2] This result is also consistent with the general purpose and effect of

exemption laws that permit a debtor to exempt his equity interest in a certain asset up to a capped

dollar limit. The extent of the exemption is measured by the amount of equity. It follows that

creating equity by paying off a secured debt is a valid basis for traceability where the exemption

statute expressly provides for tracing to a secondary asset. This Court predicts the Illinois

Supreme Court would reach this conclusion if faced with the issue.

For the foregoing reasons, the Debtor's claim of exemption will be allowed and the

Trustee's objection will be denied. This Opinion constitutes this Court's findings of fact and

conclusions of law made in accordance with Rule 7052(a)(1) of the Federal Rules of Bankruptcy

Procedure. A separate order will be entered.

Footnotes

**1**    The Trustee has not disputed the $5,000 valuation of the pickup used by the Debtor.

**2**    Since the sum of the loan payments made by the Debtor using the exempt proceeds is greater than the amount of the exemption attributable to §5/12-1001(h), it is not necessary to address the hypothetical situation where a debtor might claim an exemption amount that exceeds the sum of the exempt proceeds invested in the secondary property.

#   #   #